---o---

## No. 5774.

## MRS. AMANDA BURROWS ALEXANDER, ET AL. vs. KNIGHTS OF PYTHIAS OF LOUISIANA.

### Syllabus.

The burden rests upon the insurer of establishing the facts upon which a release from its obligation is predicated.

Appeal from the Civil District Court, Parish of Orleans, Division "E," No. 97,996. Hon. T. C. W. Ellis, Judge.

F. B. Smith, for defendant and appellant.

E. T. Florance, Dart, Kernan & Dart, for plaintiff and appellee.

His Honor, JUDGE GODCHAUX, rendered the opinion and decree of the Court as follows:

Plaintiffs sue upon an endowment policy issued by the defendant Lodge on the life of Harrison Burrows; and

the maintenance of the defense, to-wit, the lapse of the policy, depends upon whether or not the defendant has sustained the burden of proving that the decedent was suspended from membership for delinquency in the payment of dues prior to his death—an issue of fact only.

Burrows died between 8:45 P. M. and 9:05 P. M., on August 26th, and for proof that suspension preceded his death, the defendant relies upon the minutes of a meeting of the Lodge held on that very night, which in fact recites that he was then suspended from membership for delinquency in the payment of his dues. But conceding that this action was taken as recited therein, the evidence does not show that the meeting itself or at least that the act of suspension though occurring on the same night as decedent's death, in fact preceded his death in point of time.

The exact hour of this meeting is not recited in the minutes nor established by other evidence—the testimony on this point being to the effect simply that the customary hour for which the meetings are called is 8:00 P. M., and that a delay of half an hour is sometimes experienced in awaiting the assemblying of a quorum. Considering these facts in connection with the further fact that after the performance of the ritual, the calling of the roll, the appointment of officers, and the reading and approval of the minutes of the last meeting, a dozen or more matters, some requiring explanation and giving rise to debate and discussion, were considered and acted upon before the question of Burrows' suspension was submitted, the probabilities favor the conclusion that final action with respect to Burrows' delinquency was not taken until long after 9:00 P. M.

For these reasons we are satisfied that the defense has not been sustained and it is unnecessary to notice other features of the case to which plaintiffs have directed our attention.

It is accordingly ordered that the judgment appealed from be affirmed.

Judgment affirmed.

Dufour, J., takes no part.

Opinion and decree, March 10th, 1913.